UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UTICA MUTUAL INSURANCE COMPANY,

                             Plaintiff,

                                                    6:12-CV-194
v.                                                  (DNH/TWD)

INA REINSURANCE COMPANY,
N/K/A R&Q REINSURANCE COMPANY,

                             Defendant.
_____

APPEARANCES:                         OF COUNSEL:

HUNTON & WILLIAMS LLP                WALTER J. ANDREWS, ESQ.
Counsel for Plaintiff                SYED S. AHMAD, ESQ.
1751 Pinnacle Drive                  PATRICK M. MCDERMOTT, ESQ.
Suite 1700
McLean, VA 22102

CHADBOURNE & PARKE LLP               JOHN F. FINNEGAN, ESQ.
Counsel for Defendant                ROBERT A. SCHWINGER, ESQ.
30 Rockefeller Plaza                 THOMAS J. HALL, ESQ.
New York, NY 10112                   MICHAEL A. SAMALIN, ESQ.

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

### REPORT-RECOMMENDATION
### AND ORDER

        Defendant INA Reinsurance Company, n/k/a R&Q Reinsurance Company ("R&Q") has

moved for an order pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure dismissing

or staying this action.  (Dkt. No. 16.)  The motion was initially referred to Magistrate Judge

George H. Lowe for Report and Recommendation by the Honorable David N. Hurd, United

States District Judge, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).  Upon

Magistrate Judge Lowe's retirement on February 9, 2012, the motion was referred to me.[1]

Plaintiff Utica Mutual Insurance Company ("Utica") has asserted claims for breach of contract, tortious inference with contract, and declaratory and injunctive relief in this action arising out of Defendant's alleged breach of three confidentiality agreements entered into between the parties.  (Dkt. No. 1.)  The last of the agreements was also entered as an order in the parties' pending reinsurance arbitration.  (Dkt. No. 1-4.)  Defendant's motion to dismiss or stay this lawsuit is based primarily on the principles of *Colorado River* abstention.[2]   R&Q also argues that certain of the claims asserted by the Plaintiff should be heard in the reinsurance arbitration.  (Dkt. No. 16 at 1.)  For the reasons set forth herein, I recommend that Defendant's motion be denied.

## I.       BACKGROUND

### A.       The Parties' Confidentiality Agreements and the Arbitration Panel's Order

### 1.       The October 2008 Confidentiality Agreement

R&Q entered into reinsurance agreements – referred to as certificates – with Utica which reinsure certain umbrella policies Plaintiff issued to Goulds Pumps, Inc. ("Goulds").  (Dkt. No. 1 ¶¶ 2, 18.)  Utica subsequently submitted claims under the certificates.  (Dkt. No. 1-1 at 2.)  In October of 2008, the parties entered into a confidentiality agreement protecting the confidentiality of documents that were to be provided to R&Q in connection with an audit that

_____

[1]  Plaintiff filed this lawsuit in the U.S. District Court for the Southern District of New York ("Southern District of New York").  (Dkt. No. 1.)  The Honorable Alvin K. Hellerstein, United States District Court Judge, transferred the case to the United States District Court for the Northern District of New York ("Northern District of New York") on January 19, 2012.  (Dkt. No. 32.)

[2]  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

Defendant conducted on Plaintiff's claims.  *Id.* ¶¶ 24-25; (Dkt. No. 1-1).  R&Q acknowledged in the confidentiality agreement that a breach of its obligations under the agreement "could result in irreparable harm to Utica," and that Utica would be entitled "to seek immediate injunctive relief in addition to any other remedies that it may have."  (Dkt. No. 1-1 ¶ 3.)

      **2.**      **The Arbitration Protocol**

As a result of a dispute with R&Q over the reinsurance claims it had submitted, Plaintiff commenced an arbitration proceeding against Defendant in November of 2009.  (Dkt. No. 1 ¶ 19.)  Several months prior to the commencement of the arbitration, the parties entered into an agreement entitled "Arbitration Protocol."  *Id.* ¶¶ 26-27; (Dkt. No. 1-2).  The Arbitration Protocol contained a confidentiality provision.  The provision required the parties to attempt to negotiate a confidentiality agreement which, if entered as an order by the arbitration panel, would supersede the Arbitration Protocol confidentiality provision.  (Dkt. No. 1-2 ¶ C.)

      **3.**      **The October 2009 Confidentiality Agreement and Order**

The parties successfully negotiated a confidentiality agreement for the arbitration and executed it in October of 2009.  (Dkt. No. 1-3.)  The agreement was entered as an order by the arbitration panel.[3]  (Dkt. No. 1-4.)  The agreement provided generally that all "Arbitration Information," broadly defined in the agreement, was to be kept confidential during and after the conclusion of the arbitration.  *Id.* ¶ 2.  In the agreement, the parties again acknowledged that

---

    [3]  The reinsurance arbitration between Utica and R&Q has been stayed since March of 2010 because of an ancillary proceeding commenced by Utica to disqualify R&Q's counsel Chadbourne & Parkes LLP on conflict of interest grounds.  (Dkt. No. 1 ¶ 22.)  The Second Circuit recently affirmed a district court order denying Utica's motion to disqualify.  *Utica Mutual Ins. Co. v. INA Reinsurance Co.*, No. 10-4164-CV, 2012 WL 858531, 2012 U.S. App. LEXIS 5419 (2d Cir. 2012).

serious injury could result to a party and its business if the other party were to breach the agreement and agreed that "all parties will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity." *Id*. ¶ 6.

**B.      The Fireman's Fund Insurance Company Litigation**

In July of 2009, Utica commenced a lawsuit in the Northern District of New York against Fireman's Fund Insurance Company ("FFIC").  The action is captioned *Utica Mutual Ins. Co. v. Fireman's Fund Ins. Co.* (No. 6:09-CV-853, Dkt. Nos. 1 and 32) (*"FFIC litigation"*).  FFIC is another of the reinsurers on umbrella policies that Utica issued to Goulds.  Utica has asserted claims against FFIC for breach of reinsurance certificates, breach of the duty of utmost good faith and fair dealing, and declaratory relief arising out of FFIC's failure to pay Utica's reinsurance billings under the certificates.  (No. 6:09-CV-853, Dkt. No. 32 ¶¶ 41-53.)

On September 21, 2011, Utica filed a motion for a protective order in the FFIC litigation seeking to claw back privileged documents it claims were inadvertently produced to FFIC.  (Dkt. No. 17 ¶ 4; Exh. B, entry 83.)[4]  In communications preceding the filing of the motion, FFIC informed Utica that it would oppose any efforts to recover the documents on the dual grounds that there had been a subject matter waiver relevant to the documents and that disclosure of the documents may have been made elsewhere. *Id*. ¶ 4.

FFIC's opposition to Utica's motion included the declaration of FFIC counsel John F.

---

[4]  A Stipulated Protective Order Regarding Confidential Items and Information ("Confidentiality Order") allowing the filing of confidential items under seal was approved by Magistrate Judge Lowe in the FFIC litigation. (No. 6:09-CV-853, Dkt. No. 82 ¶ 6.)  The papers in support of Utica's motion for a protective order and FFIC's opposition were all filed under seal.  (Dkt. No. 17, Exh. B, entries 84, 85, 87, and 93.)

Finnegan, Esq., who is also R&Q's counsel in this action and in its arbitration with Utica.  *Id.* ¶ 5; Exh B, entries 85 & 87.   On November 15, 2011, Utica moved to strike those portions of the Finnegan declaration and FFIC's memorandum of law that Plaintiff believes include information protected by the confidentiality agreements and arbitration panel order binding on Utica and R&Q.  *Id.* entries 92 and 94.[5]

**C.      Utica's Claims Against R&Q**

Utica commenced this action against R&Q in the Southern District of New York one day before filing its motion to strike in the FFIC litigation.  (Dkt. No. 1.)  Plaintiff has alleged that R&Q and its attorneys improperly disclosed to FFIC and the Court in the FFIC litigation information that was required to be kept confidential under the 2008 and 2009 confidentiality agreements and Arbitration Protocol entered into by the parties, and the confidentiality order entered in the arbitration.  (Dkt. No. 1 ¶¶ 39-41.)

**II.      ANALYSIS**

**A.      R&Q's Motion to Dismiss or Stay Under the *Colorado River* Abstention Doctrine**

R&Q has filed a motion to dismiss or stay this case under the *Colorado River* abstention doctrine.  (Dkt. No. 16.)  R &Q claims that this action and the FFIC litigation are parallel cases for *Colorado River* abstention purposes because the complaint in this case and Utica's motion to strike in the FFIC litigation involve the exact same issue – "whether a disclosure of certain material by R&Q's counsel was in violation of the confidentiality provisions of the same three documents – three confidentiality agreements and a confidentiality order from an arbitration

---

[5]  The papers in support of Utica's motion to strike were filed under seal pursuant to the Confidentiality Order.  (No. 6:09-CV-853, Dkt. No. 82.)

panel." (Dkt. No 18 at 8-9.)  Significantly, Utica's motion to strike in the FFIC litigation has

now been withdrawn.  (No. 6:09-CV-853, Text Order dated April 17, 2012.)

In *Colorado River*, the Supreme Court held that in certain "exceptional circumstances" a

federal court "may abstain from exercising jurisdiction when parallel state-court litigation could

result in 'comprehensive disposition of litigation' and abstention would conserve judicial

resources...."  *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating District*,

673 F.3d 84, 100 (2d Cir. 2012), *quoting Colorado River, id.* at 817-18.  In *Colorado River*, the

Supreme Court noted that situations involving concurrent litigation in state and federal court are

treated differently than those that involve concurrent litigation in federal courts. The general rule

as between state and federal courts is that the pendency of a state court action is no bar to

proceedings involving the same subject matter in federal court.  However, where, as in this case,

there are concurrent federal actions, "though no precise rule has evolved, the general principle is

to avoid duplicative litigation."  *Colorado River*, 424 U.S. at 817.

Since this motion involves concurrent federal litigation, the issue before the Court is

whether this lawsuit and the FFIC litigation are duplicative and, if so, whether this action should

be dismissed or stayed.  *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As a

part of its general power to administer its docket, a district court may stay or dismiss a suit that is

duplicative of another federal court suit.").  An action is duplicative "if the claims, parties, and

available relief do not significantly differ between the two actions."  *Northern Assur. Co. of

America v. Square D Co.*, 201 F.3d 84, 89 (2d Cir. 2000).

R&Q's argument that the two lawsuits are duplicative was dependent upon Utica's

motion to strike, which made the R&Q confidentiality agreements an issue in the FFIC litigation.

Now that Utica has withdrawn the motion, any similarity of issues that may have existed is gone. Moreover, even if the motion to strike had not been withdrawn, it would not have provided valid grounds for dismissing or staying this action.

**1.    The Defendants in the Two Lawsuits are Unrelated**

Although the parties need not be identical for actions to be duplicative, their interests must at the very least be aligned. *See Curtis v. DiMaio*, 46 F.Supp.2d 206, 215 (E.D.N.Y. 1999), *aff'd on other grounds*, 205 F.3d 1322 (2d Cir. 2000), *quoting United States v. The Haytian Republic*, 154 U.S. 118, 123 (1894), in which the Supreme Court wrote:

> The elementary principle which governs the availability of the plea of "other suit pending" was thus stated in *Watson v. Jones*, [80 U.S. 679,] 13 Wall. 679, 715, [20 L.Ed. 666]: "There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same."

*See also Guan Gao Co., Ltd. v. Acco Brands Corp., No.* 06-CV-8208, 2007 WL 747795, *2, 2007 U.S. Dist. LEXIS 17371, *5 (S.D.N.Y. 2007) (actions may be considered duplicative as long as the parties represent the same interests).

There is no evidence before the Court suggesting that FFIC and R&Q are anything other than independent reinsurers who both happen to have issued certificates of reinsurance to Utica on Goulds' umbrella policies.  FFIC's interest in its litigation with Utica is in defending against Utica's breach of contract claims arising out of FFIC's failure to pay Utica's reinsurance claims. (No. 6:09-CV-853, Dkt. No. 32).  That interest is separate and distinct from R&Q's interest in this suit in defending against Utica's claim that Defendant has breached various confidentiality agreements entered into in connection with R&Q's own reinsurance dispute with Utica.  (Dkt.

-7-

No. 1 ¶¶ 38-41.)  The only significant thing that R&Q and FFIC have in common is that they are both represented by Chadbourne & Parke LLP, the firm that has been implicated by Utica in the alleged breaches of confidentiality.  *Id.*

> **2.**      **The Claims in the Two Actions and Relief Sought Are Significantly Different**

In determining whether actions are duplicative it is incumbent upon the court to assure itself that the claims asserted and relief sought in both suits are substantially the same.  *Curtis*, 226 F.3d at 136 (claims asserted must be substantially the same); *North Assur. Co.,* 201 F.3d at 89 (relief available in the actions must be substantially the same). The claims asserted in this action and the FFIC litigation and the relief sought are substantially different.  Utica's claims for damages against R&Q for breach of contract, violation of an arbitration panel order, and tortious interference with contract, and its request for injunctive relief, all arise out of the alleged disclosure by R&Q and its counsel of confidential information.  (Dkt. No. 1, ¶¶ 38-41, 47-56.)  In the FFIC litigation, Utica is seeking monetary damages against FFIC for the alleged breach of reinsurance certificates. (No. 6:09-CV-853, Dkt. No. 32 ¶¶ 41-50.)

Since R&Q is not a party to the FFIC litigation, Utica clearly could not obtain the relief it is seeking in this suit in that action and would be left with no avenue of recourse against R&Q if this case were dismissed.  *See Curtis*, 22 F.3d at 138, in which the Second Circuit wrote:

> As the Supreme Court stated over 100 years ago in *United States v. The Haytian Republic*, 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894), "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged' regarding the matters at issue in the second suit."  *Id.* at 124, 14 S.Ct. 992.

**B.      Utica is Not Required to Pursue its Claims for Breach of the Confidentiality Agreements in the Arbitration with R&Q**

R&Q also contends that Utica's claims relating to the confidentiality order entered in the arbitration should be heard in that proceeding.  (Dkt. No. 16 at 1.)  Utica disagrees, asserting that there is no evidence establishing that the parties agreed to arbitrate disputes arising out of the confidentiality agreements.  In fact, as pointed out by Plaintiff, the confidentiality agreement which also became an order of the arbitration panel, specifically acknowledges the parties' right to pursue the judicial relief being sought in this lawsuit.  (Dkt. No. 29 at 18-19.)

Despite the liberal federal policy favoring arbitration, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit."  *In re American Exp. Financial Advisors Securities Litigation*, 672 F.3d 113, 127 (2d Cir. 2011), *quoting Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002).  Neither of the parties has submitted a written arbitration agreement setting forth the scope of the arbitration. However, the Arbitration Protocol describes the matters being submitted to arbitration as the "disputes [that] have arisen between Utica Mutual and R&Q Re with respect to the [reinsurance certificates that R&Q provided to Utica]...."  (Dkt. No. 1-2 at 2.)

The October 2008 confidentiality agreement which R&Q is alleged to have breached was entered into in connection with the R&Q audit which was separate and distinct from the arbitration.  (Dkt. No. 1-1.)  According to its terms, the agreement is to be governed by and interpreted under New York law.  *Id.* ¶ 5.  Under New York law, "a written agreement that is complete, clear, and unambiguous must be enforced according to the plain meaning of its terms."

*Greenfield v. Philles Records, Inc.*, 750 N.Y.S.2d 565, 569 (2002).  That agreement clearly authorizes Utica to pursue a judicial claim for Defendant's breach by unambiguously providing that:

> Reinsurer [R&Q] and Resolute [engaged to assist R&Q in the audit] acknowledge that a breach by either of any of its obligations under this Confidentiality Agreement could result in irreparable injury to Utica, and that a breach of their obligations under this Confidentiality Agreement shall entitle Utica to seek immediate injunctive relief, in addition to any other remedies that it may have. (Dkt. No. 1-1 ¶3.)

The Arbitration Protocol, by its own terms, was superseded by the October 2009 confidentiality agreement.  (Dkt. No. 1-2 ¶C.)  Although the October 2009 confidentiality agreement was entered as an order in the arbitration, R&Q has pointed to no language in that agreement providing that it would cease to be enforceable as between the parties once it was entered as an order.  (Dkt. No. 1-3.)  To the contrary, the agreement clearly states that "because serious injury could result to any party and its business if the other party breaches its obligations under this Agreement ... each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity."  *Id*. ¶6.  There is no language requiring the parties to seek relief within the arbitration as opposed to going to court.

In short, not only is there a complete absence of language in the confidentiality agreements requiring Utica to submit its claims of breach to the arbitration panel and authorizing the panel to hear them, there is clear language authorizing Utica to pursue its claims in a judicial forum.

**C.      Plaintiff's Motion to File Portions of its Opposition to Defendant's Motion to Dismiss or Stay Under Seal**

Plaintiff filed the redacted declaration of Syed S. Ahmad, Esq. and a redacted memorandum of law in opposition to Defendant's motion to dismiss or stay.  (Dkt. Nos. 28 and 29.)  At the same time, Utica filed a motion for permission to file the declaration and memorandum of law in unredacted form under seal.  (Dkt. No. 27.)  The Court has not found it necessary to consider the redacted material requested by Utica to be filed under seal in connection with R&Q's motion.  Therefore, Utica's motion to file under seal is denied as moot. *See Bryant v. Jones*, No. 1:04-CV-2462, 2006 WL 584762, *3, 2006 U.S. Dist. LEXIS 12542, *10 (N.D. Ga. 2006), as amended (motion to seal denied as moot where court had not considered the materials requested to be sealed).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for permission to seal unredacted papers in opposition to Defendant's motion to dismiss or stay (Dkt. No. 27) is **DENIED** as **MOOT**; and

**RECOMMENDED** that Defendant's motion to dismiss or stay this action (Dkt. No. 16) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated: April 24, 2012
       Syracuse, NY

Therese Wiley Dancks
United States Magistrate Judge

-12-