UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UTICA MUTUAL INSURANCE COMPANY,

                                        Plaintiff,                    6:12-cv-00194-DNH-TWD

                    -against-

INA REINSURANCE COMPANY, N/K/A/ R&Q                                   **ANSWER**
REINSURANCE COMPANY,

                                        Defendant.

Defendant, INA Reinsurance Company, n/k/a R&Q Reinsurance Company ("R&Q"), by its attorneys, Chadbourne & Parke LLP, for its Answer to the Complaint dated November 14, 2011 (the "Complaint") states:

1.    Denies each and every factual allegation set forth in paragraph 1 of the Complaint, except admits that plaintiff, Utica Mutual Insurance Company ("Utica" or "plaintiff"), purports to bring this action.  R&Q does not respond, whether in this paragraph or elsewhere in this Answer, to any of the legal conclusions, legal assertions or argumentative statements made by Utica as no response is required to such averments.

## AS TO THE INTRODUCTION

2.    Admits that R&Q facultatively reinsures several umbrella policies issued by Utica to Goulds Pumps, Inc. ("Goulds") but, except as so admitted, denies the factual allegations set forth in paragraph 2 of the Complaint.

3.     Admits that Fireman's Fund Insurance Company ("FFIC") facultatively reinsures several policies issued by Utica to Goulds but, except as so admitted, denies the factual allegations set forth in paragraph 3 of the Complaint.

4.     Denies knowledge and information sufficient to form a belief as to the factual allegations set forth in paragraph 4 of the Complaint.

5.     Admits the factual allegations set forth in paragraph 5 of the Complaint.

6.     Denies the factual allegations set forth in paragraph 6 of the Complaint, except admits that Utica and R&Q are currently in arbitration, that the arbitration pertains to certain reinsurance contracts, that the arbitration is proceeding in New York, and that the arbitration was stayed for a period of time.

7.     Admits that Utica and FFIC are currently involved in a litigation pending in the United States District Court for the Northern District of New York but, except as so admitted, denies the factual allegations set forth in paragraph 7 of the Complaint.

8.     Admits the factual allegations set forth in paragraph 8 of the Complaint.

9.     Admits the factual allegations set forth in paragraph 9 of the Complaint.

10.     Denies knowledge and information sufficient to form a belief as to the factual allegations set forth in paragraph 10 of the Complaint.

2

11.  Denies the factual allegations set forth in paragraph 11 of the Complaint, except admits that the panel of arbitrators in the arbitration between Utica and R&Q entered a Confidentiality Order and respectfully refers the Court to the Confidentiality Order for the content of the document.

12.  Denies the factual allegations set forth in paragraph 12 of the Complaint.

## AS TO THE PARTIES

13.  Denies knowledge or information sufficient to form a belief as to the factual allegations set forth in paragraph 13 of the Complaint.

14.  Admits the factual allegations set forth in paragraph 14 of the Complaint.

## AS TO JURISDICTION & VENUE

15.  Denies the factual allegations set forth in paragraph 15 of the Complaint, except admits that Utica purports to bring this action.

16.  Denies the factual allegations set forth in paragraph 16 of the Complaint, except admits that Utica purports to invoke the jurisdiction of this Court.

17.  Denies the factual allegations set forth in paragraph 17 of the Complaint.

## AS TO THE CONFIDENTIAL ARBITRATION BETWEEN UTICA MUTUAL AND R&Q

18.  Admits the factual allegations set forth in paragraph 18 of the Complaint.

3

19.   Denies knowledge or information sufficient to form a belief as to of the factual allegations set forth in paragraph 19, except admits that Utica commenced arbitration in November 2008.

20.   Admits the factual allegations set forth in paragraph 20.

21.   Admits the factual allegations set forth in paragraph 21.

22.   Denies the factual allegations set forth in paragraph 22 of the Complaint, except admits that the arbitration between Utica and R&Q was stayed pending disposition of an ancillary proceeding commenced by Utica in the Supreme Court of the State of New York, New York County, a proceeding R&Q removed to the United States District Court for the Southern District of New York.

## AS TO THE CONFIDENTIALITY AGREEMENTS AND CONFIDENTIALITY ORDER

23.   Denies the factual allegations set forth in paragraph 23 of the Complaint, except admits that Utica and R&Q have entered into three confidentiality agreements and that the last of these three agreements was later entered as an order by the arbitration panel.

24.   Admits the factual allegations set forth in paragraph 24.

25.   Denies the factual allegations set forth in paragraph 25 of the Complaint and respectfully refers the Court to the confidentiality agreement for the content of the document.

26.   Admits the factual allegations set forth in paragraph 26.

27.    Denies the factual allegations set forth in paragraph 27 of the Complaint and respectfully refers the Court to the Arbitration Protocol for the content of the document.

28.    Admits the factual allegations set forth in paragraph 28.

29.    Admits the factual allegations set forth in paragraph 29.

30.    Denies the factual allegations set forth in paragraph 30 of the Complaint and respectfully refers the Court to the October 2009 confidentiality agreement and Order for the content of those documents.

31.    Denies the factual allegations set forth in paragraph 31 of the Complaint.

## AS TO THE LITIGATION BETWEEN UTICA MUTUAL AND FFIC

32.    Admits that FFIC facultatively reinsurers certain policies issued by Utica to Goulds but, except as so admitted, denies knowledge and information sufficient to form a belief as to the factual allegations set forth in paragraph 32 of the Complaint.

33.    Admits the factual allegations set forth in paragraph 33 of the Complaint.

34.    Admits the factual allegations set forth in paragraph 34 of the Complaint.

35.    Admits the factual allegations set forth in paragraph 35 of the Complaint.

CPAM: 4766982.2

36.   Admits the factual allegations set forth in paragraph 36 of the Complaint.

37.   Admits the factual allegations set forth in paragraph 37 of the Complaint.

## AS TO THE ALLEGED BREACH OF CONFIDENTIALITY AGREEMENTS AND ORDER

38.   Denies the factual allegations set forth in paragraph 38 of the Complaint except admits that Utica and R&Q entered into three confidentiality agreements, one of which was signed by the arbitration panel.

39.   Denies the factual allegations set forth in paragraph 39 of the Complaint.

40.   Denies the factual allegations set forth in paragraph 40 of the Complaint.

41.   Denies the factual allegations set forth in paragraph 41 of the Complaint.

## AS TO COUNT ONE: DECLARATORY JUDGMENT RELIEF

42.   R&Q incorporates here its responses to paragraphs 1 through 41 of the Complaint.

43.   Denies the factual allegations set forth in paragraph 43 of the Complaint.

44.   Denies the factual allegations set forth in paragraph 44 of the Complaint.

6

45.    Denies the factual allegations set forth in paragraph 45 of the Complaint.

46.    Denies the factual allegations set forth in paragraph 46 of the Complaint.

### AS TO COUNT TWO: BREACH OF CONTRACT

47.    R&Q incorporates here its responses to paragraphs 1 through 46 of the Complaint.

48.    Denies the factual allegations set forth in paragraph 48 of the Complaint.

49.    Denies the factual allegations set forth in paragraph 49 of the Complaint.

50.    Denies the factual allegations set forth in paragraph 50 of the Complaint.

51.    Denies the factual allegations set forth in paragraph 51 of the Complaint.

### AS TO COUNT THREE: TORTIOUS INTERFERENCE WITH CONTRACT

52.    R&Q incorporates here its responses to paragraphs 1 through 51 of the Complaint.

53.    Denies the factual allegations set forth in paragraph 53 of the Complaint.

54.   Denies the factual allegations set forth in paragraph 54 of the Complaint, except admits that R&Q's attorneys knew that FFIC also provided reinsurance to Utica.

55.   Denies the factual allegations set forth in paragraph 55 of the Complaint.

56.   Denies the factual allegations set forth in paragraph 56 of the Complaint.

## AS TO COUNT FOUR: INJUNCTION

57.   R&Q incorporates here its responses to paragraphs 1 through 56 of the Complaint.

58.   Denies the factual allegations set forth in paragraph 58 of the Complaint.

59.   Denies the factual allegations set forth in paragraph 59 of the Complaint.

60.   Denies the factual allegations set forth in paragraph 60 of the Complaint.

61.   Denies the factual allegations set forth in paragraph 61 of the Complaint.

62.   Denies the allegations contained in paragraph 62 of the Complaint.

63.   Denies the allegations contained in paragraph 63 of the Complaint.

## AS A FIRST AFFIRMATIVE DEFENSE

64.   Utica's claims are barred by Utica's unclean hands.

8

### AS A SECOND AFFIRMATIVE DEFENSE

65.   Utica's claims are moot, in whole or in part, given that allegedly confidential information about which Utica complains is in the public domain and might well have been at all relevant times.

### AS A THIRD AFFIRMATIVE DEFENSE

66.   Utica is estopped from asserting the claims set forth in the complaint.

### AS A FOURTH AFFIRMATIVE DEFENSE

67.   Utica's claims are barred by waiver.

WHEREFORE, R&Q demands judgment dismissing the Complaint in its entirety and granting R&Q its costs in this action and such other and further relied as to this Court may seem just and proper.

Dated: New York, New York
       June 22, 2012

CHADBOURNE & PARKE LLP

By _____
                John F. Finnegan
                Member of the Firm
           NDNY Bar No. 515774
          Attorneys for Defendant,
            R&Q Reinsurance Company
          30 Rockefeller Plaza
          New York, New York  10112
          (212) 408-5100
          *jfinnegan@chadbourne.com*

9

Of Counsel:

Thomas J. Hall
Robert A. Schwinger
Michael Samalin

CPAM: 4766982.2