

HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VIRGINIA 22102

TEL   703 • 714 • 7676
FAX   703 • 918 • 4050

SYED S. AHMAD
DIRECT DIAL: 703-714-7676
EMAIL: sahmad@hunton.com

June 28, 2012

**VIA ECF**

The Honorable Thérèse Wiley Dancks
United States District Court
  for the Northern District of New York
100 South Clinton Street
Federal Building and U.S. Courthouse
Syracuse, NY 13261

Re:   **Utica Mut. Ins. Co. v. INA Reins. Co. n/k/a R&Q Reins. Co.,**
      **No. 6:12-cv-00194 (DNH-TWD)**

Dear Judge Dancks:

We represent Utica Mutual Insurance Company in the captioned lawsuit.

Pursuant to Federal Rule of Civil Procedure 72(a), Utica will file objections to Your Honor's
June 12, 2012 Order and Decision granting in part and denying in part Utica's Motion to Seal
Confidential Information.  Utica respectfully requests that Your Honor stay that Order and
Decision until Judge Hurd resolves Utica's objections and require all filings to be submitted
under seal during the interim period consistent with the May 21, 2012 Text Order (providing
that "pending issuance of an order deciding the pending motion [to seal], all documents filed
in this case are to be filed under seal").

A stay is appropriate so that Utica is not prejudiced by the filing on the public docket of
confidential information while Your Honor's ruling pertaining to the sealing of that
confidential information is appealed.  *See S.E.C. v. TheStreet.com*, 273 F.3d 222, 227-28 (2d
Cir. 2001) (referencing the district court "order[ing] the Confidential Testimony unsealed" but
"stay[ing] its order to afford NYSE an opportunity to appeal"); *Murphy v. Rochester City Sch.
Dist.*, No. 00-cv-6038, 2002 WL 31322639, at *5 (W.D.N.Y. Sept. 30, 2002) ("Because a
document cannot, in practical terms, be 're-sealed', once it is unsealed and open for public
inspection, I will stay this Order for a period of 30 days to allow either party the opportunity
to appeal this Order").  In the absence of a stay, Utica may be irreparably harmed by the
disclosure of confidential information.  *See Nat'l Elevator Cab & Door Corp. v. H&B, Inc.*,
282 F. App'x 885 (2d Cir. 2008) (affirming finding of irreparable harm if defendant was not
prevented from obtaining confidential information); *X Corp. v. Doe*, 805 F. Supp. 1298, 1303-
04 (E.D. Va. 1992) (recognizing that confidential nature is "permanently and irrevocably
impaired" upon disclosure and that even if plaintiff "were ultimately to prevail, its right to



The Honorable Thérèse Wiley Dancks
June 28, 2012
Page 2

prevent disclosures of confidential information might be forever lost absent a preliminary injunction").

As noted above, while Utica's Motion to Seal was pending, Your Honor had ruled that all documents filed in the case should be filed under seal. May 21, 2012 Text Order. The same rationale should apply to the stay now requested by Utica.

We provided a copy of this letter in draft to R&Q. R&Q advised that it takes no position on Utica's request.

Respectfully submitted,

Syed S. Ahmad