CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Utica Mutual Insurance Company

No. 6:12-cv-194 DNH/TWD

VS

INA Reinsurance Company n/k/a
R&Q Reinsurance Company

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Therese Wiley Dancks, United States Magistrate Judge on July 10, 2012 at 10:00 am at the United States Courthouse at Syracuse, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made within thirty days of the date of the Court's scheduling order.

As a preliminary matter, R&Q believes that the case should be stayed pending resolution of the arbitration in July 2013. Among other reasons, too many nettlesome privilege issues could arise if the litigation and arbitration proceeded simultaneously.

Utica's position is that there is no basis to stay this case, particularly because Utica believes that an injunction is necessary to avoid the disclosure of additional confidential information. Staying the lawsuit would unfairly prejudice Utica because it would improperly delay resolution of Utica's claims.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made within thirty days of the date of the Court's scheduling order.

3) **DISCOVERY:** All discovery in this action shall be within 9 months of the date of the Court's scheduling order. **(Discovery time table is to be based on the complexity of the action)**

4) **MOTIONS:** All motions, including discovery motions, shall be made at least sixty days prior to the completion of discovery. Motions for summary judgment can be made until 30 days after the completion of discovery. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

Form Date - 06/13/2007

5) **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial within 135 days following the completion of discovery. It is anticipated that the trial will take approximately 1 day to complete. The parties request that the trial be held in Syracuse, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

6) **HAVE THE PARTIES FILED A JURY DEMAND:** ☐ (YES) / ☒ (NO).

7) **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

The Court has subject matter jurisdiction, the parties are subject to the Court's jurisdiction, and all parties have been served.

8) **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiff Utica Mutual Insurance Company and Defendant INA Reinsurance Company n/k/a R&Q Reinsurance Company (R&Q) entered into confidentiality agreements. Additionally, Utica and R&Q are involved in an ongoing confidential arbitration, in which the Arbitration Panel entered a Confidentiality Order.

Utica alleges that R&Q and its agents, including its attorneys, improperly disclosed certain information which was required to be kept confidential under the Arbitration Panel's Confidentiality Order and the parties' confidentiality agreements. Utica contends that R&Q breached the Confidentiality Order and confidentiality agreements by disclosing confidential information. Utica also contends that R&Q and its agents, including its attorneys, tortiously interfered with certain reinsurance contracts between Utica and Fireman's Fund Insurance Company ("FFIC"). Finally, Utica contends that it has no adequate remedy at law other than an injunction and that unless R&Q and its agents, including its attorneys, are enjoined from violating the Confidentiality Order and confidentiality agreements, Utica will suffer serious and irreparable harm.

R&Q disputes Utica's assertions and contends that R&Q never violated any confidentiality agreement and, assuming arguendo R&Q did so, Utica was not harmed thereby.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

As explained in response to question 8, the parties disagree about R&Q's obligations under the Confidentiality Order and the confidentiality agreements.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

The parties believe that the claims at issue, in whole or in part, may be narrowed or resolved by motions.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

First, Utica requests a preliminary injunction enjoining R&Q and its agents, including its attorneys, from disclosing information that is confidential under the Confidentiality Order and the confidentiality agreements. Second, Utica requests a declaration of R&Q's and its agents', including its attorneys', obligations under the Confidentiality Order and confidentiality agreements, including a declaration that R&Q's and its agents', including its attorneys', disclosure of certain confidential information constitutes a breach of the Confidentiality Order and agreements. Third, Utica requests damages caused by R&Q's breach of the Confidentiality Order and agreements, including damages related to any harm caused to Utica in connection with its reinsurance recovery efforts and all attorneys fees incurred as a result of the improper disclosure of confidential information. Fourth, and finally, Utica requests damages caused by R&Q's tortious interference with the reinsurance contracts between Utica and FFIC, including damages related to any harm caused to Utica in connection with its reinsurance recovery efforts and all attorneys fees incurred as a result of the improper disclosure of confidential information. (To the extent that R&Q seeks additional information about the damages sought by Utica, such information can be provided through discovery.)

R&Q believes that Utica's description of its claimed damages is too amorphous and, at a minimum, Utica should set forth a dollar figure for each element of damage Utica contends is recoverable by it.

**12) DISCOVERY PLAN:**

    A.    <u>Mandatory Disclosures</u>

    The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before 14 days after the Court enters the scheduling order.

B. **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

Utica will seek discovery regarding all issues and disputes raised in R&Q's Answer and its four affirmative defenses, including R&Q's contention that it has not breached the Confidentiality Order and confidentiality agreements.

C.  R&Q does not agree that discovery is essential given that factually little, if anything, is at issue. Mostly the dispute is about what the confidentiality provisions mean, whether those agreements were violated and, if so, whether R&Q's conduct is actionable.

To the extent discovery is permitted, R&Q will seek discovery regarding all issues and disputes raised by or implicit in the parties' pleadings. **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

The parties do not have any specific understanding about the timing of discovery other than the timing being governed by the scheduling order, the Federal Rules of Civil Procedure, the local rules, and other applicable orders and rulings from the Court.

Utica does not anticipate that discovery will be phased to address different issues in stages.

R&Q believes that the Court should consider bifurcating liability and damages and, if the Court were to do so, the Court should defer discovery on damage issues pending a determination on liability.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

Utica and R&Q contemplate serving discovery demands regarding all areas outlined under paragraph 12.B and that they contemplate serving discovery demands as set forth in paragraph 12.C.

The parties do not presently believe that there is any need to exceed the number of interrogatories permitted under Rule 33.

E.   **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

Utica anticipates taking approximately 5-8 depositions. At this time, Utica does not know the location of the depositions. Utica anticipates deposing past and present R&Q employees and R&Q's past and present counsel. Utica also anticipates taking non-party fact depositions, including Fireman's Fund Insurance Company's employees and attorneys.

R&Q will oppose taking depositions of Fireman's Fund's personnel and possibly other witnesses as well as witnesses are identified.

R&Q might request 2 or 3 depositions of Utica and Utica's attorneys.

F.   **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

Utica does not anticipate that experts will need to be retained but reserves its right to retain experts, including rebuttal experts.

R&Q may retain a damage expert and/or an expert on legal ethics.

G.   **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

Utica and R&Q agree that the parties may produce documents in paper or electronic form. For example, if a document is produced in hard copy, there should be no need to search for the electronic version of the same document. However, if certain documents may be difficult to read in hard copy, those documents should be produced electronically.

    **H.**    **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The parties anticipate requesting a protective order to maintain the confidentiality of the parties' proprietary and confidential documents.

R&Q reserves the right to oppose any protective order sought by Utica.

    **I.**    **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

At this time, the parties do not anticipate any discovery related issues that may require court intervention (other than the issues set forth above).

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

Utica does not presently believe that it is possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence, but Utica will attempt to evaluate such alternatives or arrangements.

Utica does not presently believe that it is feasible or desirable to bifurcate issues for trial.

R&Q believes that it is appropriate to bifurcate liability and damages and contemplates that it may be possible to narrow the issues (or eliminate them altogether) by a motion for summary judgment.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

There are no related cases pending before the judges of the Court.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

N/A

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT?** Please circle below the prospect for settlement:

1 --- 2 --- 3 --- 4 --- 5 --- 6 --- 7 --- 8 --- 9 --- 10 ☐

(VERY UNLIKELY) → → → → → → → → → → → → (LIKELY)

CANNOT BE EVALUATED PRIOR TO _____(DATE)

The parties believe the prospect for settlement is 1.

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

At this time, the parties do not believe that settlement efforts can be assisted.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

- [ ] ARBITRATION
- [ ] MEDIATION
- [ ] EARLY NEUTRAL EVALUATION

*************************************************************************

Pursuant to Fed. R. Civ. P. 26(f), the parties' counsel listed below conferred about the issues above:

Syed S. Ahmad for plaintiff Utica Mutual Insurance Company

John F. Finnegan for defendant R&Q Reinsurance Company

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.*

Case Management Plan
Form Date - 06/13/2007