

HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VIRGINIA  22102

TEL   703 • 714 • 7676
FAX   703 • 918 • 4050

SYED S. AHMAD
DIRECT DIAL: 703-714-7676
EMAIL: sahmad@hunton.com

October 5, 2012

**Via ECF**
The Honorable Thérèse Wiley Dancks
United States District Court for the Northern District of New York
100 South Clinton Street
Federal Building and U.S. Courthouse
Syracuse, NY 13261

Re:   Utica Mut. Ins. Co. v. INA Reins. Co. n/k/a R&Q Reins. Co., No. 6:12-cv-00194

Dear Judge Dancks:

Pursuant to the Court's August 27, 2012 Order, we submit this letter brief in support of Utica's proposed Motion for Leave to Supplement its Complaint.

## I.   BACKGROUND

Utica seeks leave to file a motion to supplement its complaint based on R&Q's actions after Utica filed its complaint on November 14, 2011 – specifically, R&Q's violation of its agreement to cooperate in good faith to resist or limit the disclosure of confidential arbitration information, and the Arbitration Panel's Order so providing. In a prior lawsuit related to the arbitration, R&Q filed a motion to seal confidential arbitration information. Dkt. No. 23 at Ex. 7.

Nevertheless, after Utica filed its complaint in this case, R&Q not only refused to treat confidential arbitration information in the same manner as it had before, R&Q also opposed Utica's efforts to resist or limit the disclosure of confidential arbitration information on three separate occasions:  (1) in July 2012, R&Q opposed Utica's objections to Your Honor's ruling on Utica's sealing motion in this case (Dkt. No. 69); (2) in March 2012, R&Q opposed Utica's sealing motion in the Second Circuit (Ex. 1); and (3) in December 2011, R&Q opposed Utica's sealing motion in this case (Dkt. No. 21). As Your Honor observed in connection with R&Q's December 2011 opposition, "R&Q opposes Utica's sealing motion in this case, despite having agreed that all submissions of Arbitration Information to a court are to be sealed to the extent allowed by law and the court . . . ." Dkt. No. 63 at 3 n.3. In the proposed complaint, Utica will ask for a declaration that R&Q's opposition to Utica's sealing efforts further violates R&Q's confidentiality obligations and Utica will also supplement its breach of contract claim based on R&Q's actions.

HUNTON&
WILLIAMS

The Honorable Thérèse Wiley Dancks
October 5, 2012
Page 2

## II. ARGUMENT

Utica's proposed Motion for Leave to Supplement is proper because the supplemental allegations are based on events happening after the date of Utica's original complaint and relate to the allegations contained in the original complaint. *See* Fed. R. Civ. P. 15(d) (court may allow "party to serve supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"). "[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). Here, the supplemental facts about R&Q's continued violations of the Confidentiality Order and the confidentiality agreements are plainly connected to the allegations in the original pleading about R&Q's prior violations of the Order and agreements. Accordingly, Utica should be allowed to supplement its pleading.

To oppose Utica's motion, R&Q "must demonstrate either bad faith on the part of [Utica], the futility of the claims asserted within the application, or undue prejudice to [R&Q]." *Katzman v. Sessions*, 156 F.R.D. 35, 38-39 (E.D.N.Y. 1994); *Cohen v. Reed*, 868 F. Supp. 489, 497-98 (E.D.N.Y. 1994) (same). R&Q has only contended that Utica's supplemental allegations would be "frivolous" because (1) the confidentiality agreement "entitled" R&Q to file the oppositions; and (2) "public policy imposes a duty upon each party, and their respective lawyers, to call contrary authority to the court's attention." *See* Dkt. No. 71 at Ex. 3. As shown below, Utica's supplemental allegations are not frivolous.

### A. The Confidentiality Order & Agreement Do Not Entitle R&Q To Oppose Efforts To Limit Disclosures Of Confidential Arbitration Information

The Confidentiality Order and the Agreement provide that "in all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information." Dkt. No. 1-4, 1-3 ¶ 3. Consistent with this provision, Utica, in a good-faith effort to limit the extent of disclosure of that information, filed motions to seal confidential arbitration information in this action and in a Second Circuit proceeding. But R&Q *opposed* Utica's motions to seal confidential arbitration information, and, thus, R&Q's conduct violated its obligations under the Confidentiality Order and the Agreement.

R&Q ignores the provision discussed above and, instead, contends that the provision providing that "the parties agree, subject to court approval and to the extent permitted by law, that all submissions of Arbitration Information to a court shall be sealed" entitles R&Q to oppose efforts to seal. R&Q misinterprets this provision. The fact that sealing was subject to court approval is beside the point – the very purpose of Utica's motions to seal was to seek court approval. Nevertheless, the provision did not entitle R&Q to oppose Utica's request. *See* Dkt. No. 63 at 3 n.3 (as Your Honor noted, "R&Q opposes Utica's sealing motion in this

**HUNTON&**
**WILLIAMS**

The Honorable Thérèse Wiley Dancks
October 5, 2012
Page 3

case, *despite* having agreed that all submissions of Arbitration Information to a court are to be sealed to the extent allowed by law and the court" (emphasis added)).

Moreover, the provision R&Q relies on does not negate R&Q's affirmative duties set forth in paragraph 3, quoted above. And, under paragraph 3, R&Q was required to act in good faith and cooperate in resisting or limiting disclosures of confidential arbitration information. R&Q's *oppositions* to Utica's attempts to resist or limit disclosures of confidential information are directly contrary to the required good-faith efforts and cooperation in Utica's attempts to resist or limit disclosures.

Accordingly, R&Q cannot demonstrate that Utica's claims are futile.

### B.   "Public Policy" Does Not Relieve R&Q Of Its Obligations

R&Q also contends that "public policy" "imposes a duty upon each party, and their respective lawyers, to call contrary authority to the court's attention." Although R&Q does not specify the basis for its "public policy" argument, it appears that R&Q is referring to the rule of professional conduct stating that a lawyer shall not knowingly "fail to disclose to the tribunal *controlling* legal authority known to the lawyer to be *directly adverse* to the position of the client . . . ." N.Y. RULE PROF'L CONDUCT 3.3(a)(3) (emphasis added). That rule does not apply here for three reasons.

First, the rule addresses when counsel should cite certain authority *adverse* to its own client's position, but R&Q's counsel cited to authority in *support of* their client's (R&Q's) position. Second, even if the rule required R&Q's counsel to cite authority adverse to Utica's position (as opposed to their client's (R&Q's) position), none of the cases R&Q cited were *controlling* legal authorities *directly adverse* to Utica's position. *See* Ex. 1 (R&Q did not cite *any* legal authority); Dkt. No. 21 (R&Q did not cite any controlling authority – such as a Second Circuit or Supreme Court decision – that Utica had not already cited); Dkt. No. 69 (R&Q cited the Second Circuit's decisions in *DiRussa*, which actually permitted sealing confidential information, and in *Rothman*, which did not even deal with sealing). Third, even if R&Q's counsel was required to disclose certain authorities, there was no basis for R&Q to actively oppose Utica's efforts to seal (instead of just disclosing the controlling and directly adverse authority). Accordingly, any "public policy" consideration related to Rule 3.3(a)(3) is immaterial, even assuming any such "public policy" could override R&Q's contractual obligations and the Arbitration Panel's Order.

Respectfully submitted,

*/s/ Syed S. Ahmad*

Syed S. Ahmad

3

**EXHIBIT 1**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| Application of UTICA MUTUAL INSURANCE COMPANY, for an order pursuant to C.P.L.R. 7503(b) staying arbitration of a certain controversy and disqualifying Chadbourne & Parke LLP from representing INA Reinsurance Company n/k/a R&Q Reinsurance Company in the arbitration,<br><br>                 Petitioner-Appellant,<br><br>                 -v-<br><br>CHADBOURNE & PARKE LLP,<br><br>                 Respondent,<br><br>INA REINSURANCE COMPANY, N/K/A R&Q REINSURANCE COMPANY,<br><br>                 Respondent-Appellee. | No. 10-4164<br><br><br><br>**RESPONSE TO**<br>**MOTION TO SEAL** |

## RESPONSE TO UTICA MUTUAL INSURANCE COMPANY'S MOTION TO SEAL ITS PETITION FOR REHEARING

Appellee, R&Q Reinsurance Company ("R&Q"), submits this Response to ensure that the Court has before it (i) a complete record relating to the motion by appellant, Utica Mutual Insurance Company ("Utica"), to file a Petition for

Rehearing under seal and (ii) an accurate recitation of R&Q's position with respect to the motion to seal.

1. Yesterday morning (March 29, 2012), Utica asked R&Q whether R&Q had any position with respect to sealing Utica's anticipated Petition for Rehearing and whether R&Q intended to file opposition papers to Utica's anticipated motion to seal.

2. R&Q responded by stating that R&Q was unable to take a position on the question of sealing without reviewing a draft of Utica's anticipated motion to seal; shortly thereafter, Utica provided R&Q with a draft of Utica's contemplated motion to seal; in the introductory paragraph of Utica's draft motion, Utica had left a blank following the word "R&Q," providing a place holder for setting forth R&Q's position.

3. After reviewing Utica's draft motion to seal, R&Q wrote back to Utica and asked Utica to include the following language in substitution for the place holder:

> R&Q was provided a draft copy of [Utica's] motion to seal and, upon reviewing the draft motion, perceived no basis in law or in fact for sealing the Petition for Rehearing that Utica planned to file (a draft copy of Utica's Petition for Rehearing was not shown to R&Q). The Second Circuit's decision affirming the District Court's ruling with respect to sealing is a matter of public record, and argument in the Second Circuit was conducted publicly. R&Q believes that given these circumstances, all subsequent proceedings should also be public.

CPAM: 4603308.1

4.      For reasons known only to it, Utica chose not to include in its motion papers the language requested by R&Q. Instead, Utica wrote, in part, "Utica does not know whether R&Q intends to file a response." Regardless, now, as before, R&Q perceives no basis in law or in fact to seal Utica's Petition for Rehearing. In order to establish that sealing is appropriate, Utica must make a detailed showing in its motion to seal demonstrating that privileged documents or other material subject to sealing accompanies, and is necessary to, the Petition for Rehearing. Utica did not undertake to make this showing in its motion to seal. As such, there is no basis on which even to consider sealing the Petition for Rehearing.

Dated: New York, New York
       March 30, 2012

CHADBOURNE & PARKE LLP

By     /s/ John F. Finnegan
       John F. Finnegan
       A Member of the Firm
       Attorneys for R&Q Reinsurance
       Company
       30 Rockefeller Plaza
       New York, New York  10112
       (212) 408-5100
       jfinnegan@chadbourne.com

CPAM: 4603308.1