# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

**John F. Finnegan**
**direct tel** +1 212 408 5180
jfinnegan@chadbourne.com

October 12, 2012

<u>BY ECF and FEDERAL EXPRESS</u>

Hon. Therese Wiley Dancks
 United States Magistrate Judge,
 Northern District of New York
100 South Clinton Street
Syracuse, NY  13261-7367

       Re:  Utica Mutual Ins. Co. v. INA Reins. Co.
           6:12-cv-00194 (DNH/TWD)

Dear Judge Dancks:

    We represent defendant, INA Reinsurance Company, n/k/a R&Q Reinsurance Company ("R&Q").  In accordance with this Court's August 27, 2012 Text Order, we write to explain why R&Q opposes plaintiff's, Utica Mutual Insurance Company's ("Utica's"), request to supplement the Complaint, by potentially adding as many as three additional causes of action.  As discussed below, each of the claims that Utica proposes to add is baseless and, for this reason, permission to supplement the Complaint should be denied.  <u>See</u> <u>In re Morgan Stanley & Van Kampen Mut. Fund Sec. Litig.</u>, 2006 U.S. Dist. LEXIS 20742 (S.D.N.Y. Apr. 14, 2006) (denying party leave to supplement because, among other reasons, granting leave would likely be futile).

    The law that governs requests to supplement a complaint is well-settled and is not genuinely in dispute on this motion.  The parties agree that where supplemental claims are futile, leave to supplement should be denied.  <u>See</u> Utica's October 5, 2012 Letter at 2 (collecting cases).

    In Utica's view, the parties' arbitral Confidentiality Agreement (the "Agreement") prohibits R&Q from opposing applications to seal court records and affirmatively requires R&Q to support any and all applications to seal that Utica might make.  Utica's position is belied by the unambiguous language of the Agreement, which states: "[T]he parties agree, subject to court approval and <u>to the extent permitted by law</u>, that all submissions of Arbitration Information [a defined term] to a court shall be sealed."  (Emphasis added.)  This language does not unconditionally obligate R&Q to support each and every sealing request that Utica might make to a court.  To the contrary, this language expressly contemplates that the parties might disagree as to whether sealing is appropriate in a given circumstance and, accordingly, might oppose an unfounded effort to seal a court file.  To the extent the language imposes any unconditional duties upon the parties, the parties' obligation, which exists independent of the Agreement, is to be forthright and candid with a court and to call to the court's attention all precedents and principles of law that are germane when a request to seal is made.  In other words, the parties each have an obligation to set forth for the court the extent to which sealing is "permitted by law."



CHADBOURNE
& PARKE LLP

Hon. Therese Wiley Dancks                    -2-                     October 12, 2012

   In its letter submission, Utica seeks to sidestep the operative clause in the Agreement and, in particular, the language restricting sealing "to the extent permitted by law." Utica instead focuses on language that reads: "In all contexts [whether or not sealing or further confidentiality is contemplated], all parties will make good-faith efforts <u>to limit</u> the extent of the disclosures, if any, to be made, and will cooperate with each other <u>in resisting</u> or limiting disclosure of Arbitration Information." (Emphasis added.) This language has nothing whatsoever to do with the issue now before this Court. This language simply provides that the parties should resist making disclosures of Arbitration Information, where appropriate, and when disclosure is to be made, the party should limit the quantum of Arbitration Information that is ultimately disclosed. The language has no bearing on whether one party (here, R&Q) may (or must) bring to a court's attention gaping holes or logical infirmaties in the other party's (here, Utica's) applications to seal court files. Further, even if the language were applicable, Utica has not alleged that R&Q's actions lacked good faith. If R&Q acted in good faith, which R&Q most assuredly did, R&Q's conduct could not be violative of the provision on which Utica relies.

   Utica also ignores the contexts in which R&Q took exception to Utica's myriad requests to seal court files. In December 2011, R&Q submitted a brief to Judge Hellerstein opposing Utica's blanket request to seal all (or, at the least, a significant portion) of the court's file in this action -- an action that was commenced in the SDNY but later transferred to this Court. Utica fails to consider that in August 2010 (sixteen months earlier), Judge Hellerstein had ruled in the disqualification action (an earlier, separate proceeding commenced by Utica) that blanket sealing orders are inappropriate and that private confidentiality agreements and, in particular, the Agreement, do not, standing alone, provide an adequate basis on which to seal a court's file. R&Q's December 2011 brief recounted for Judge Hellerstein the governing legal principles that Judge Hellerstein not only already knew but, in addition had actually applied -- to the very Agreement Utica now says R&Q violated when R&Q, unlike Utica, choose to take heed of Judge Hellerstein's earlier sealing order.

   The second instance in which Utica claims R&Q violated the Agreement is when R&Q responded to Utica's motion to seal Utica's petition for rehearing in the Second Circuit Court of Appeals. R&Q was asked to agree to sealing; R&Q declined. R&Q believed then, as now, that sealing would be pointless given that the parties had earlier argued the merits of the appeal publicly, in open court. From R&Q's perspective -- a perspective R&Q shared with the Second Circuit -- Utica's subsequent efforts to seal were akin to shutting the barn door after all of the horses had left.

   Utica's third complaint pertains to R&Q's brief in opposition to Utica's "appeal" from this Court's June 12, 2012 ruling on sealing. [Dkt. 63]. This complaint is an outgrowth of and, therefore, analytically no different from, Utica's first complaint, in which Utica criticizes R&Q

# CHADBOURNE
## & PARKE LLP

Hon. Therese Wiley Dancks            -3-            October 12, 2012

for observing in papers originally submitted to Judge Hellerstein that Utica's request to seal the SDNY's file in this proceeding was inconsistent with Judge Hellerstein's earlier ruling on sealing in the disqualification action.[1] This complaint also ignores the fact that this Court, like Judge Hellerstein, later concluded that Utica's requests to seal were not permitted by law and exceeded, by far, the scope to which courts in the Second Circuit would seal judicial records. In essence, Utica's complaint is that R&Q had the temerity to point out -- correctly so -- that Utica's request to seal was legally infirm.

In short, Utica's supplemental claims run afoul of the clear and unambiguous language of the Agreement which provides, as this Court itself recognized, that the parties do not have an unflagging obligation to seal (or to request to seal) court proceedings ancillary to the arbitration; rather, the parties need only request (and support) sealing to the extent permitted by law, and, then, their requests are subject to court approval. Dkt. 63 at 18. R&Q did not violate the Agreement (nor could it possibly have done so) where, as here, R&Q simply advised courts (this Court included) that Utica's efforts to seal court proceedings were unwarranted based on governing law. This Court therefore should conclude that Utica's efforts to supplement the Complaint are vexatious and wasteful, and would expand the scope of the litigation unnecessarily. Cf. Yakin v. Tyler Hill Corp., 566 F. 3d 72, 75 (2d Cir. 2009) ("[t]he intial interpretation of a contract is a matter of law for the court to decide"); 805 Third Ave. Co. v. M.W. Realty Associates, 58 N.Y.2d 447, 451 (1983) (dismissing complaint, concluding that the interpretation of a contract was a legal matter for the court, and it did not appear to the court that defendant had committed a breach).

Respectfully submitted,

John F. Finnegan

cc:    Walter Andrews, Esq.            (By ECF)
       Syed Ahmad, Esq.              (By ECF)
       Thomas J. Hall, Esq.             (By Hand)
       Robert A. Schwinger, Esq.       (By Hand)
       Michael Samalin, Esq.            (By Hand)

---

[1] Utica continues to pretend that R&Q has taken contrary positions on sealing, advocating a position in this action different from the position R&Q allegedly advanced in the earlier disqualification proceeding. As R&Q explained in its Memorandum in Opposition to Plaintiff's Objections to Magistrate Judge Dancks' June 12, 2012 Decision and Order [Dkt. 69 at 6-7], there is no merit to Utica's aspersion.