UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                      :
UTICA MUTUAL INSURANCE COMPANY,                       :
                                                      :
                        Plaintiff,                    :
                                                      :
              v.                                      :      No. 6:12-cv-00194 (DNH/TWD)
                                                      :
INA REINSURANCE COMPANY,                              :
N/K/A R&Q REINSURANCE COMPANY,                        :
                                                      :
                        Defendant.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF UTICA MUTUAL INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO SUPPLEMENT ITS COMPLAINT
<u>AND TO TEMPORARILY STAY THE SEALING RULING</u>**

## TABLE OF CONTENTS

Page

I.      INTRODUCTION .................................................................................................1

II.     BACKGROUND ..................................................................................................2

        A.      Confidentiality Order & Agreement .........................................................2

        B.      R&Q's Oppositions...................................................................................2

        C.      Utica's Supplemental Complaint ..............................................................3

III.    ARGUMENT ........................................................................................................3

        A.      The Court Should Grant Utica's Motion to Supplement ...........................3

                1.      The Supplemental Claims Are Not Futile On The Grounds
                        That R&Q's Breaches Of The Order And Agreement Did Not
                        Harm Utica.....................................................................................5

                        i.      Utica's Supplemental Claim Under The Declaratory
                                Judgment Act Is Not Futile For Lack Of Harm ................6

                        ii.     Utica's Supplemental Breach of Contract Claim Is Not
                                Futile For Lack Of Harm ..................................................6

                2.      R&Q Cannot Demonstrate That The Supplemental Claims Are
                        Futile On The Grounds That R&Q's Oppositions Did Not
                        Breach The Order Or Agreement.....................................................8

                        i.      The Order and Agreement Do Not Entitle R&Q To Oppose
                                Utica's Efforts to Resist or Limit Disclosures of
                                Confidential Arbitration Information.................................9

                        ii.     "Public Policy" Does Not Relieve R&Q Of Its Obligations............11

                3.      R&Q Cannot Demonstrate That The Supplemental Claims Are
                        In Bad Faith...................................................................................13

                4.      R&Q Cannot Demonstrate That The Supplemental Claims Are
                        Prejudicial to R&Q .......................................................................14

        B.      The Court Should Grant Utica's Request To Temporarily Stay the
                Decision on Sealing ................................................................................15

IV.     CONCLUSION....................................................................................................19

## I.        INTRODUCTION

Utica respectfully requests that this Court (1) grant Utica leave to supplement its complaint and (2) temporarily stay the Court's decision on Utica's Motion to Seal pending an appeal of the decision.

<u>Leave to Supplement</u>

Utica filed its complaint against R&Q based on R&Q's violations of certain confidentiality agreements and an Arbitration Panel's Confidentiality Order.  After Utica filed its complaint, R&Q further violated its obligations under one of the parties' agreements and the Panel's Order by improperly engaging in new conduct that jeopardized the confidentiality protections of the agreement and Order.  Utica now seeks to supplement its complaint based on these new violations.  Under the liberal standard that governs such motions, courts routinely grant leave to supplement complaints.  Utica's supplemental allegations and claims occurred after the filing of the complaint and relate to the allegations in the original complaint.  Moreover, R&Q cannot show bad faith, futility, or undue prejudice related to the supplemental allegations.  Accordingly, the Court should grant Utica leave to supplement its complaint.

<u>Temporary Stay</u>

The Court should also stay its decision on Utica's Motion to Seal.  On June 12, 2012, Your Honor granted Utica's Motion to Seal in part and denied it in part.  Consistent with this Court's prior rulings and Second Circuit case law, the Court should temporarily stay its sealing decision until Utica's time to appeal has passed or until the Second Circuit rules on the merits of Utica's appeal and require all filings to be submitted under seal during the interim period.  Without a stay, confidential arbitration information would be filed without the sealing that Utica believes is appropriate under the law and Utica will not have a meaningful opportunity to appeal the Court's decision on the Motion to Seal because the very purpose of the appeal (to keep

confidential information sealed) would be undermined if that confidential information were not sealed in the meantime.  Accordingly, the Court should stay the ruling on Utica's Motion to Seal.

## II.     BACKGROUND

### A.     Confidentiality Order & Agreement

In connection with an arbitration over Utica's billings to R&Q under certain reinsurance contracts, Utica and R&Q entered into a confidentiality agreement.  (Dkt. No. 1-3).  The arbitration panel entered the confidentiality agreement as an Order.  (Dkt. No. 1-4).

In the agreement and Order, the parties agreed and the Panel ordered that disclosure of confidential arbitration information could be made in certain situations.  (Dkt. Nos. 1-3, 1-4 ¶ 3). The parties also agreed and the Panel also ordered that "in all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information."  (*Id.*).

### B.     R&Q's Oppositions

Notwithstanding its agreement and the Panel's Order to make good-faith efforts and cooperate with Utica to resist or limit the disclosure of confidential arbitration information, R&Q opposed Utica's efforts to resist or limit the disclosure of confidential arbitration information. R&Q's improper actions occurred in connection with four court filings, all after Utica had already filed its complaint in this case.

In November 2011, in this action, in accordance with the agreement and Order, Utica moved to seal confidential arbitration information, among other things.  (Dkt. No. 5).  In December 2011, R&Q opposed Utica's Motion to Seal, including the part of the motion seeking to seal confidential arbitration information.  (Dkt. No. 21).

In March 2012, in an action on appeal in the Second Circuit, in accordance with the agreement and Order, Utica moved to seal its Petition for Rehearing because the petition

contained confidential arbitration information.  (Ahmad Decl., Ex. 2).  In March 2012, R&Q

opposed Utica's Motion to Seal its Petition for Rehearing, which contained confidential

arbitration information.  (Ahmad Decl., Ex. 3).

In July 2012, Utica objected to the part of Your Honor's ruling denying Utica's request to

seal confidential arbitration information.  (Dkt. No. 66).  That same month, R&Q opposed

Utica's objections to Your Honor's ruling.  (Dkt. No. 69).

Finally, in October 2012, R&Q opposed Utica's request that the Court stay the decision

on sealing pending appeal to the Second Circuit.  (Dkt. No. 74).

### C.    Utica's Supplemental Complaint

Utica now seeks to supplement its complaint to include allegations about R&Q's

oppositions to Utica's sealing efforts, all of which occurred after Utica filed its complaint.  In the

proposed complaint, Utica seeks to supplement its declaratory judgment claim to also seek a

declaration that R&Q's opposition to Utica's sealing efforts further violates R&Q's

confidentiality obligations and to supplement its breach of contract claim based on R&Q's

actions.  The changes between Utica's original complaint and its proposed supplemental

complaint are shown in Exhibit 1 to the Ahmad Declaration.[1]

## III.   ARGUMENT

### A.    The Court Should Grant Utica's Motion to Supplement

The Court should grant Utica's motion to supplement because the supplemental

allegations are based on events happening after the date of Utica's original complaint and relate

---

[1] The changes also include some edits to the factual background to account for recent developments (*e.g.*, a change in law firm for FFIC's counsel and a change in status of Utica-R&Q arbitration).

to the allegations contained in the original complaint.[2]  *See* FED. R. CIV. P. 15(d) (court may

allow "party to serve a supplemental pleading setting out any transaction, occurrence, or event

that happened after the date of the pleading to be supplemented").  The Second Circuit has made

clear that "leave to file a supplemental pleading should be *freely permitted* when the

supplemental facts connect it to the original pleading."  *Quaratino v. Tiffany & Co.*, 71 F.3d 58,

66 (2d Cir. 1995) (emphasis added).

There is no question that the supplemental allegations about R&Q's continued violations

of the Confidentiality Order and the confidentiality agreement are connected to the allegations in

the original pleading.  R&Q has not even attempted to claim otherwise.  Accordingly, because

leave should be "freely permitted" under these circumstances, the Court should allow Utica to

supplement its pleading.  *See Quaratino*, 71 F.3d at 66.

Notwithstanding the liberal standard to allow parties to supplement, there are limited

circumstances where courts may deny leave to supplement.  Here, R&Q "must demonstrate

either bad faith on the part of [Utica], the futility of the claims asserted within the application, or

undue prejudice to [R&Q]."  *Katzman v. Sessions*, 156 F.R.D. 35, 38 (E.D.N.Y. 1994); *Cohen v.

Reed*, 868 F. Supp. 489, 497-98 (E.D.N.Y. 1994) (same); *see also Quarantino*, 71 F.3d at 66

("Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with

---

[2] The Scheduling Order includes a deadline to *amend* pleadings.  (Dkt. No. 68 ¶ 5 ("**AMENDMENT OF PLEADINGS:** Any application to amend any pleading in this action shall be made on or before **AUGUST 17, 2012.**")).  Utica is not seeking to amend its complaint, as provided for under Rules 15(a)-(c).  Instead, Utica is moving to supplement its complaint under Rule 15(d) because Utica seeks to add allegations about events happening after the date of Utica's complaint.  *See Hall v. C.I.A.*, 437 F.3d 94, 100 (D.C. Cir. 2006) (addition of new FOIA request was "plainly a supplemental pleading as defined by Federal Rule of Civil Procedure 15(d), as it sets forth transactions or occurrences or events which happened since the date of the pleading sought to be supplemented" (citation and internal quotations omitted)).  The Scheduling Order does not include a deadline to supplement the complaint under Rule 15(d).

the proposed pleading, or futility, the motion should be freely granted.").  As shown below, R&Q

cannot show that Utica's supplemental claims (1) are futile on the grounds that R&Q's breaches

did not harm Utica; (2) are futile on the grounds that R&Q's oppositions did not breach the

Order or agreement; (3) were brought in bad faith; or (4) prejudice R&Q.

      1.    The Supplemental Claims Are Not Futile On The Grounds That R&Q's
              Breaches Of The Order And Agreement Did Not Harm Utica

During the conference on October 19, the Court inquired about the harm to Utica arising

out of R&Q's violations of its obligations with respect to sealing.  As shown below, Utica's

supplemental declaratory judgment claim and breach of contract claim are not futile on the

grounds that R&Q's breaches did not harm Utica.

The adequacy of the new claims in the supplemental complaint "is to be judged by the

same standards as those governing the adequacy of a filed pleading."  *See Ricciuti v. N.Y.C.*

*Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).[3]  Thus, Utica need not show at this preliminary

stage that it will ultimately prevail on its supplemental claims.  *See id.*  Instead, R&Q's burden of

establishing futility is the equivalent of its burden to prevail on a motion to dismiss.  *See id.*

(court should not deny leave to file proposed complaint unless Rule 12(b)(6) standard is met).

Thus, R&Q must show that the supplemental claims fail to "contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  As shown

---

[3] Although *Riccuti* deals with a proposed amended complaint and Utica is moving to supplement its
complaint (not to amend it), the standards for supplementing a complaint are the same as those for
amending a complaint.  *Compare Quaratino*, 71 F.3d 58, 66 (2d Cir. 1995) (setting forth standard for
granting leave to file supplemental complaint) *with Foman v. Davis*, 371 U.S. 178, 182 (1962) (setting
forth same standard for granting leave to file amended complaint).

below, Utica's supplemental declaratory judgment claim and supplemental breach of contract claim are not futile on the grounds that R&Q's breaches did not harm Utica.

> i.     *Utica's Supplemental Claim Under The Declaratory Judgment Act Is Not Futile For Lack Of Harm*

With respect to Utica's supplemental claim under the Declaratory Judgment Act, the claim is not futile on the grounds that R&Q's breaches did not harm Utica.  As a part of the declaratory judgment claim, there is no need to demonstrate past monetary damages because Utica is entitled to a declaration about the differing interpretations of the provisions in the agreement and Order related to sealing.  *See* 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."); *Luckenbach S.S. Co. v. United States*, 312 F.2d 545, 548 (2d Cir. 1963) ("The purpose of the declaratory remedy is to avoid accrual of avoidable damages to one not certain of his rights . . . ." (citation and internal quotations omitted)).  In addition to adjudicating the parties' obligations, such a declaration will be beneficial because it may avoid future damages Utica may incur as a result of the ongoing disagreements about the parties' obligations with respect to sealing.  Thus, Utica's supplemental declaratory judgment claim is not futile on the grounds that R&Q's breaches allegedly did not cause Utica monetary damages.

> ii.    *Utica's Supplemental Breach of Contract Claim Is Not Futile For Lack Of Harm*

Likewise, any concerns about lack of harm for the supplemental breach of contract claim do not make the supplemental claim futile for two, independent, reasons.  First, in the supplemental complaint, Utica has alleged the information about the harm it has suffered – and the resulting damages – all of which supports the breach of contract claim.  (Ahmad Decl., Ex. 1 ¶ 67).  At the pleadings stage, Utica is not required to prove its damages, it need only set forth

6

sufficient factual material to state a claim to relief that is plausible on its face.  *See Iqbal*, 556 U.S. at 678; *see also State Farm Mut. Auto. Ins. Co. v. Grafman*, No. 04-cv-2609, 2007 WL 7704666, at *11 (E.D.N.Y. May 22, 2007) (allowing amendment where party opposing amendment raised "fact-sensitive questions" that "should not be resolved against plaintiff" at pleading stage).

In the proposed supplemental complaint, Utica has alleged that R&Q's breaches caused Utica harm in costs and expenses incurred as a result of R&Q's oppositions.  (Ahmad Decl., Ex. 1 ¶ 67).  Specifically, Utica has alleged it suffered harm in the form of incurring attorneys' fees as a result of R&Q's breach of its obligations.  *Id.*; *see also Friend v. Wash. Square Press, Inc.*, 314 N.E.2d 419, 420-21 (N.Y. 1974) (contractual damages are designed to put injured party in position as it would have been in had breaching party full performed and, therefore, compensates injured party for losses suffered as a result of contractual breaches).  The Court must accept Utica's supplemental allegations as true and evidence outside the complaint cannot establish any futility of the supplemental claims.  *See Lugosch v. Congel*, No. 00-cv-784, 2002 WL 1001003, at *1 (N.D.N.Y. May 14, 2002) (Treece, M.J.) (evidence outside face of complaint is not properly considered in motion to amend complaint).  Thus, Utica's supplemental breach of contract claim is not futile because the proposed supplemental complaint includes allegations that R&Q's breaches harmed Utica.

Second, even if Utica is unable to eventually prove all of its claimed damages with certainty, it is entitled to nominal damages, as alleged in the proposed supplemental complaint.  (Ahmad Decl., Ex. 1 ¶ 68).  "'[I]t is a well-settled tenet of contract law that even if the breach of contract caused no loss or if the amount of loss cannot be proved with sufficient certainty, the injured party is entitled to recover as nominal damages a small sum fixed without regard to the

7

amount of the loss, if any.'" *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, No. 09-cv-1796, 2012 WL 3890128, at *11 (S.D.N.Y. Sept. 7, 2012) (quoting *Hirsch Elec. Co. v. Cmty. Servs., Inc.*, 145 A.D.2d 603, 605 (N.Y. App. Div. 1988)); *see also Fruend*, 314 N.E.2d 419, 421 (N.Y. 1974) (plaintiff was entitled to nominal damages "as a formal vindication of [its] legal right to compensation which has not been given a sufficiently certain monetary valuation"); *Manhattan Savings Institute v. Gottfried Baking Co.*, 36 N.E.2d 637, 637 (N.Y. 1941) (where plaintiff proved defendant breached contract, plaintiff was entitled to an award of nominal damages); *C.K.S. Ice Cream Co. v. Frusen Gladje Franchise, Inc.*, 172 A.D.2d 206, 208 (N.Y. App. Div. 1991) ("Even if it were shown that no actual damages have been sustained, plaintiff would seem entitled to proceed to trial at least on its contract cause of action if only to vindicate its right to nominal damages."); *Good Karma Prods. v. Penthouse Int'l, Ltd.*, 88 A.D.2d 561 (N.Y. App. Div. 1982) (where defendant breached contract, but record was "completely devoid of proof of any damage sustained by plaintiff," plaintiff was entitled to nominal damages).

Thus, Utica's supplemental breach of contract claim sets forth sufficient allegations to state a claim to relief that is plausible on its face and, therefore, Utica's supplemental breach of contract claim is not futile on the grounds that R&Q's breaches did not harm Utica.

\*     \*     \*

As shown above, Utica's supplemental claims are not futile on the grounds that R&Q's breaches did not harm Utica.

    2.    <u>R&Q Cannot Demonstrate That The Supplemental Claims Are Futile On The Grounds That R&Q's Oppositions Did Not Breach The Order Or Agreement</u>

R&Q is also unable to show that Utica's supplemental claims are futile on the grounds that R&Q's oppositions did not breach the Order or agreement.  R&Q has only contended that Utica's supplemental allegations would be "frivolous" because (1) the confidentiality agreement

"entitled" R&Q to file the oppositions; and (2) "public policy" required R&Q to file the

oppositions.  As shown below, both arguments fail.

> i.   *The Order and Agreement Do Not Entitle R&Q To Oppose Utica's*
> *Efforts to Resist or Limit Disclosures of Confidential Arbitration*
> *Information*

First, the confidentiality agreement does not entitle either party to oppose efforts to seal

confidential arbitration information.  In fact, the parties' agreement and the Panel's Order

provide that "in all contexts, all parties will make good-faith efforts to limit the extent of the

disclosures, if any, to be made, and will cooperate with each other in resisting or limiting

disclosure of Arbitration Information."  (Dkt. Nos. 1-3, 1-4 ¶ 3).  In accordance with the

provision, Utica made good-faith efforts to limit and resist the disclosure of confidential

arbitration information by filing motions to seal that information in this action and in the Second

Circuit proceeding.  R&Q, on the other hand, opposed and did not cooperate in Utica's good-

faith efforts to limit and resist the disclosure of confidential information and, therefore, R&Q

violated the parties' agreement and the Panel's Order.[4]

R&Q ignores the provision above and instead contends that the provision providing that

"the parties agree, subject to court approval and to the extent permitted by law, that all

submissions of Arbitration Information to a court shall be sealed."  (Dkt. Nos. 1-3, 1-4 ¶ 3).

---

[4] R&Q is incorrect that Utica has not contended that R&Q actions lacked good faith.  R&Q's oppositions to Utica's efforts to limit or resist the disclosure of confidential arbitration information are not good-faith efforts to limit or resist the disclosure of confidential arbitration information.  (Dkt. No. 73 at 2, 3).  In fact, nothing could be further from a good-faith effort to limit or resist disclosure than opposing actual efforts to limit or resist disclosure and Utica's proposed supplemental complaint includes an allegation that R&Q's actions were not in good faith.  (*See* Ahmad Decl., Ex. 1 ¶ 66).  And, even if R&Q somehow acted in good-faith by opposing Utica's efforts to limit or resist disclosure, the Order and agreements also require R&Q to cooperate with Utica in limiting or resisting disclosure.  (*Id.* ¶ 42).  R&Q's oppositions to Utica's efforts to limit or resist disclosure can hardly amount to cooperation in those efforts.  (*Id.* ¶ 66).  Indeed, R&Q previously understood its obligations and requested the sealing of confidential arbitration information and did not oppose other requests by Utica to seal confidential arbitration information.  (*Id.* ¶¶ 43, 44).

According to R&Q, this provision "contemplates that the parties might disagree as to whether sealing is appropriate in a given circumstance and, accordingly, might oppose an unfounded effort to seal a court file."  (Dkt. No. 74 at 1).  But R&Q's position ignores the provision above setting forth the affirmative duties of the parties must make to limit and resist disclosure.

The very purpose of Utica's motions to seal was to seek court approval and permission by law to seal confidential arbitration information in order to limit the disclosure of confidential arbitration information.  That the parties agreed to submit confidential arbitration information under seal subject to court approval and to the extent permitted by law does not allow R&Q to shirk its obligations to make good faith efforts and cooperate in seeking that court approval to limit the disclosure of confidential arbitration information.  R&Q's interpretation – that it was free to take any position on sealing because court approval was required – would render the provision requiring good faith efforts superfluous, a result courts reject as a matter of simple contract interpretation principles.[5]  *County of Columbia v. Cont'l Ins. Co.*, 634 N.E.2d 946, 950 (N.Y. 1994) (a contract "should not be read so that some provisions are rendered meaningless"); *Westview Assocs. v. Guaranty Nat'l Ins. Co.*, 740 N.E.2d 220, 222 (N.Y. 2000) (explaining that interpretation rendering provisions "mere surplusage" must be avoided).

---

[5] At a minimum, the Order and agreement are ambiguous and extrinsic evidence may be necessary to determine the meaning of the Order and agreement.  *See Greenfield v. Philles Records*, 98 N.Y.2d 562 (N.Y. 2002) (court may consider extrinsic evidence if agreement is ambiguous).  Thus, at this stage, where the Court may only consider the allegations in the supplemental complaint and where Utica need not show it will ultimately prevail on its claims, the Court should allow the supplemental complaint so that the parties can develop extrinsic evidence about the meaning of the agreement through discovery. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (amended complaint "is to be judged by the same standards as those governing the adequacy of a filed pleading"); *Lugosch v. Congel*, No. 00-cv-784, 2002 WL 1001003, at *1 (N.D.N.Y. May 14, 2002) (Treece, M.J.) (evidence outside face of complaint is not properly considered in motion to amend complaint).

In sum, the provision that R&Q relies upon sets forth what the parties should do *after* a court allows confidential arbitration information to be sealed – that is, after a court approves sealing, the parties shall submit confidential arbitration information under seal.  The provision does not set forth the efforts the parties should undertake *when seeking* court approval to seal confidential arbitration information.  Indeed, the provision that Utica relies upon sets forth the applicable duties for seeking approval to seal confidential arbitration information.  And, under that provision, R&Q was required to act in good faith and cooperate in resisting or limiting disclosures of confidential arbitration information.  R&Q's *oppositions* to Utica's attempts to resist or limit disclosures of confidential information are, in fact, the exact opposite of good-faith efforts and cooperation with Utica to resist or limit disclosures.[6]

> ii.      *"Public Policy" Does Not Relieve R&Q Of Its Obligations*

Second, "public policy" does not relieve R&Q of the obligations in the Panel's Order and the parties' agreement.  R&Q previously argued that it did not violate the Order or agreement because it had duty to call <u>contrary</u> authority to a court's attention.  (Ahmad Decl., Ex. 7).  After Utica showed that R&Q did not cite any contrary authority in its oppositions (Dkt. No. 73 at 3), R&Q changed its position and now contends that its oppositions did not violate the Order and agreement because it had a duty to call <u>germane</u> authority to a court's attention, (Dkt. No. 74 at

---

[6] During the conference on October 19, the Court inquired about the effect of the presumption of public access on Utica's supplemental complaint.  The presumption of public access is not a reason to find Utica's claims futile because R&Q agreed (and the Panel ordered) that R&Q would attempt to limit and resist the disclosure of confidential arbitration information, which included the obligation to make good-faith efforts to overcome any presumption of public access.  Indeed, the parties understood that there is a presumption of public access, and Utica's Motion to Seal cited to case law setting forth that standard.  But courts are nevertheless allowed to seal under the appropriate circumstances, and Utica's efforts – like R&Q's prior efforts – were based on those circumstances, which R&Q understood could support sealing (as shown in its efforts to seal confidential arbitration information based on the same case law).

1).  There is no such duty at all, much less a duty mandated by "public policy" as R&Q claims, as demonstrated by R&Q's failure to cite any support for its contention.

In any case, "the contexts" of R&Q's oppositions, as set forth by R&Q (Dkt. No. 74 at 2-3), have no bearing on whether R&Q violated its obligation to make good-faith efforts and cooperate with Utica to limit and resist the disclosure of confidential arbitration information.  In fact, R&Q agreed to make good-faith efforts and cooperate with Utica to limit and resist disclosure "in all contexts."  (Dkt. Nos. 1-3, 1-4 ¶ 3).

R&Q claims that its December 2011 opposition "recounted for Judge Hellerstein the governing legal principles that Judge Hellerstein not only already knew but, in addition had actually applied" and that its July 2012 opposition was "analytically no different from" the December 2011 opposition.  (Dkt. No. 74 at 2).  And, R&Q says it filed its March 2012 opposition because it "believed . . . that sealing would be pointless."  (*Id.*).  But none of R&Q's attempted justifications for its oppositions address how R&Q's actions fulfilled its obligations to make good-faith efforts to and cooperate in limiting and resisting disclosures of confidential information (to which R&Q agreed).

Additionally, R&Q's contentions above that it "may (or must) bring to the court's attention gaping holes or logical infirm[i]ties in [Utica's] applications to seal court files" are completely inconsistent with R&Q's previous request in March 2010 to seal confidential arbitration information.  There, R&Q submitted the Affidavit of John F. Finnegan Requesting an Order to Seal Proceedings.  (Dkt. No. 23-1).  In that affidavit, Mr. Finnegan swore that "the parties' confidentiality agreement supports sealing the record in this proceeding."  (*Id.* ¶ 10).  Utica made similar arguments in its attempts to resist and limit the disclosure of confidential

arbitration information – for example, in the Motion to Seal in this case, Utica contended that the parties' confidentiality agreement supported sealing the record.  (Dkt. No. 7 at 9-11).

R&Q has asserted that its positions are not inconsistent because its March 2010 request was for the federal district court to maintain the "provisional" sealing order from the state court. (Dkt. No. 69 at 5-6).  But R&Q's request was not based only on the federal statute requiring state court orders to remain in effect upon removal to federal court.  (*Id.* ¶ 8).  Rather, R&Q also argued that "the parties' confidentiality agreement supports sealing the record in this proceeding" (*id.* ¶ 10) and requested sealing to protect "client confidences" (*id.* ¶ 9).  And, ultimately, R&Q did not request that the federal court only maintain the state court order.  Instead, R&Q "respectfully request[ed] that this Court seal the record of these proceedings upon their removal from state court."  (*Id.* ¶ 11).

Thus, R&Q's argument now is that its oppositions to Utica's efforts to seal confidential arbitration information (based in part on the parties' confidentiality agreement) did not violate the Order or agreement because R&Q was required to identify "gaping holes or logical infirm[i]ties" in the very same arguments that R&Q previously advanced in March 2010.  R&Q cannot have it both ways, and its inconsistent arguments are insufficient to demonstrate futility under the strict standard at this stage.  *See Ricciuti*, 941 F.2d at 123.

Accordingly, R&Q cannot carry its burden to show that Utica's supplemental claims are futile on the basis that R&Q did not violate the Order or agreement.

3.      R&Q Cannot Demonstrate That The Supplemental Claims Are In Bad
        Faith

R&Q has not contended that the supplemental claims are in bad faith.  Utica's supplemental complaint contains a valid contractual claim and Utica is entitled to relief on that claim.  Additionally, Utica's supplemental complaint contains a valid claim under the

Declaratory Judgment Act seeking a declaration of the parties' rights and obligations with respect to seeking to limit and resist the disclosure of confidential arbitration information and this issue may very well arise again in the future in connection with court proceedings related to the pending arbitration between Utica and R&Q. Utica is not supplementing its claims for the purpose of delay or to harass R&Q. *See Maynard, Merel & Co. v. Carcioppolo*, 51 F.R.D. 273, 279 (S.D.N.Y. 1970) (court "should not be hesitant to allow amendments for the purpose of presenting the real issues of the case, where the moving party has not been guilty of bad faith and is not acting for the purpose of delay . . . ." (citation and internal quotations omitted)); *cf. Nat'l Bank of Wash. v. Pearson*, 863 F.2d 322, 328 (4th Cir. 1998) (affirming denial of motion to amend where motion was designed to harass opponent). In short, R&Q cannot show that the supplemental claims are in bad faith.

4.    <u>R&Q Cannot Demonstrate That The Supplemental Claims Are Prejudicial to R&Q</u>

Also, R&Q has not contended that the supplemental claims are prejudicial to R&Q on the grounds that any purported delay caused R&Q prejudice or that allowing the supplemental claims would significantly delay resolution of this dispute. And, there would be no basis for such a contention because Utica did not delay in bringing the supplemental claims, discovery is in its early stages, and the case is not near resolution. *See State Farm Mut. Auto. Ins. Co. v. Grafman*, No. 04-cv-2609, 2007 WL 7704666, at *5 (E.D.N.Y. May 22, 2007) (allowing amendment where discovery was in early stages and case was not near trial); *cf. Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71 (2d Cir. 1998) (affirming denial of motion to amend where proposed amendment was based on fact that party had known for years, discovery was completed, and the case was near resolution). R&Q cannot show that the supplemental claims are prejudicial to R&Q.

Accordingly, because the supplemental facts are connected to the facts in the original

pleading and because R&Q cannot show futility, bad faith, or prejudice, the Court should grant

Utica leave to file its supplemental complaint.

**B.      The Court Should Grant Utica's Request To Temporarily Stay the Decision on Sealing**

Utica also seeks a temporary stay of Your Honor's June 12, 2012 Order and Decision (the

"Sealing Ruling") pending appeal to the Second Circuit of the ruling.  Upon final judgment in

this matter, Utica may need to appeal the Sealing Ruling and the Court should temporarily stay

the Sealing Ruling to preserve the effectiveness of any appeal.[7]

The Second Circuit has recognized that a stay of the Sealing Ruling pending appeal is

appropriate so that Utica's right to appeal is not rendered meaningless by requiring the parties to

file confidential arbitration information not under seal while Utica waits to appeal the Sealing

Ruling declining to allow the sealing of that confidential arbitration information.  *See Gambale v.

Deutsche Bank*, 377 F.3d 133 (2d Cir. 2004) (staying district court's unsealing order pending

Second Circuit's resolution of appeal of merits of unsealing order); *S.E.C. v. TheStreet.com*, 273

F.3d 222, 227-28 (2d Cir. 2001) (referencing the district court "order[ing] the Confidential

Testimony unsealed" but "stay[ing] its order to afford NYSE an opportunity to appeal"); *see also

In re Sealed Search Warrants Issued June 4 and 5, 2008*, No. 08-mj-208, 2008 WL 5667021, at

*5 (N.D.N.Y. July 14, 2008) (Homer, M.J.) ("To permit either the United States or Powers &

---

[7] The stay should be narrowly tailored so that all filings under seal are also filed in redacted form on the public docket.  *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.* No. 07-cv-2014, 2008 WL 199537, at *16 (S.D.N.Y. Jan. 22, 2008) ("[R]edaction is often a practical, narrowly tailored strategy for balancing the interest in public access and the interest of one or both parties in the confidentiality of sensitive information.").  The filings should be redacted only where they contain privileged information or information that is confidential under the Confidentiality Order or confidentiality agreements.

Co. to seek a stay pending any appeal, the Clerk shall delay the unsealing until July 18, 2008 at 1:00 p.m."); *Murphy v. Rochester City Sch. Dist.*, No. 00-cv-6038, 2002 WL 31322639, at *5 (W.D.N.Y. Sept. 30, 2002) ("Because a document cannot, in practical terms, be 're-sealed', once it is unsealed and open for public inspection, I will stay this Order for a period of 30 days to allow either party the opportunity to appeal this Order"); *Gambale v. Deutsche Bank AG*, No. 02-cv-4791, 2003 WL 21511851, at *5 (S.D.N.Y. July 2, 2003) ("To give defendants an opportunity to resolve on appeal or obtain a stay . . . the Clerk of the Court is directed to maintain the seal on the documents at issue . . . until July 14, 2003."); *Crothers v. Pilgrim Mortg. Corp.*, No. 95-cv-4681, 1997 WL 570583, at *8 (S.D.N.Y. Sept. 11, 1997) (staying unsealing order pending ruling on party's petition for further stay from appellate court).  In the absence of a stay, Utica may be irreparably harmed by the disclosure of confidential information.  *See Nat'l Elevator Cab & Door Corp. v. H&B, Inc.*, 282 F. App'x 885 (2d Cir. 2008) (affirming finding of irreparable harm if defendant was not prevented from obtaining confidential information); *Hospitality Staffing Solutions, LLC v. Reyes*, 736 F. Supp. 2d 192, 200 (D.D.C. 2010) (recognizing that "the disclosure of confidential information can constitute an irreparable harm because such information, once disclosed, loses its confidential nature"); *X Corp. v. Doe*, 805 F. Supp. 1298, 1304 (E.D. Va. 1992) (recognizing that confidential nature is "permanently and irrevocably impaired" upon disclosure and that even if plaintiff "were ultimately to prevail, its right to prevent disclosures of confidential information might be forever lost absent a preliminary injunction").

Like the courts in the cases cited above, this Court recognized the very concern Utica raises here when, previously, the Court stayed its decision on sealing because of the possibility that Judge Hurd may modify the ruling.  *See* July 2, 2012 Text Order (providing that "pending

issuance of an order deciding the appeal, all documents filed in the case are to be filed under seal"); *see also* May 21, 2012 Text Order (providing that "pending issuance of an order deciding the pending motion [to seal], all documents filed in this case are to be filed under seal").  Utica's potential appeal to the Second Circuit should be treated no differently.

Additionally, the district court and Second Circuit rulings in the disqualification proceeding between Utica and R&Q also support the stay Utica seeks here.  In that case, like here, the district court denied Utica's Motion to Seal in part.  Utica requested that the district court stay its sealing decision pending appeal and the district court granted that request.  (Ahmad Decl., Ex. 4).

Then, on appeal, Utica requested that the Second Circuit permit the parties to file their briefs and the appendix under seal.  The Second Circuit granted the parties "leave to file their briefs and appendix and the motion/response papers under seal." (Ahmad Decl., Ex. 5).  After the Second Circuit upheld the district court's sealing decision, Utica filed a petition for rehearing and sought to seal that petition.  The Second Circuit again granted Utica permission to file under seal.  (Ahmad Decl., Ex. 6).  Thus, in three different instances, those courts either stayed "unsealing decisions" or allowed the parties to file under seal pending the ultimate resolution of the sealing issue.

The decisions above recognize that staying sealing decisions is appropriate under the four criteria sometimes applied in evaluating whether to stay an order.  *See Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) (relevant criteria are irreparable injury if stay is denied, likelihood of success on merits, substantial injury to party opposing stay if one is issue, and public interest).  Where the balance of hardships favors a stay, the Court should issue a stay even where the likelihood of success is not high.  *Id.*  Here, the balance of hardships clearly favors a stay.

Utica is likely to succeed on its appeal given that the Court's sealing ruling requires Utica to not file under seal the very same confidential information that Utica seeks to protect in this action.[8]  In so doing, the Court may have inhibited Utica from the ability to properly pursue its claims, a result the Supreme Court has counseled against.[9]  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 n.22 (recognizing that without proper procedures for protecting confidential and private information in litigation, individuals may forgo pursuit of their valid claims rather than disclose the confidential information, a result contrary to the "importance of ensuring that potential litigants have unimpeded access to the courts").

And, without a stay, Utica is deprived of a meaningful opportunity to appeal the Sealing Rulings.  Additionally, if a stay is issued, there is no substantial injury to R&Q.  Finally, there is no public interest in accessing temporarily available court filings that the Second Circuit later rules must be sealed.  Accordingly, as the decisions above recognize, the four criteria balanced in evaluating a request for a stay weigh in favor of granting a stay of the Sealing Ruling.

---

[8] To the extent it is relevant to Utica's ability to appeal the Sealing Ruling, Utica respectfully disagrees with Judge Hurd's conclusion that Utica's objections to the Sealing Ruling were untimely.  (Dkt. No. 72).  Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(b) require a party to file objections to a Magistrate Judge's order on a non-dispositive matter within 14 days after service of the order.  Because the deadline is tied to service, and service was made by electronic means (ECF) under Federal Rule of Civil Procedure 5(b)(2)(E), Federal Rule of Civil Procedure 6(d) adds 3 days to the deadline for filing objections.  Thus, Utica timely filed its objections on June 29, 2012, 17 days after being served with the Sealing Ruling on June 12, 2012.  *See also Chatmon v. Mance*, No. 07-cv-9655, 2011 WL 5023243, at *3 (S.D.N.Y. Oct. 20, 2011) (recognizing that 14-day deadline to file objections to Magistrate Judge's report and recommendation was subject to additional 3 days under Rule 6(d)); *Rates Tech. Inc. v. Mediatrix Telecom, Inc.*, No. 05-cv-2755, 2008 WL 8443564, at *2 (E.D.N.Y. Sept. 2, 2008) (where report and recommendation was entered on ECF and electronically served, party had additional 3 days to file objections pursuant to Rule 6(d)).

[9] In *Mohammed*, the Second Circuit noted that a district court judge "was properly concerned about setting too high a standard [for likelihood of success], mindful of the fact that in such circumstances the trial judge is being asked to assess the likelihood that the ruling just made will be rejected on appeal." 309 F.3d at 101 n.8.

In opposing Utica's request to stay the Sealing Ruling, R&Q has again taken inconsistent positions with respect to sealing.  In the district court in the disqualification case, Utica requested that the district court stay its sealing decision pending resolution of Utica's appeal of that decision to the Second Circuit.  (Ahmad Decl., Ex. 4).  R&Q "d[id] not oppose the Court granting the stay requested by Utica Mutual." (*Id.*).  And, the district court granted the stay as requested.  (*Id.*).  R&Q also took no position on Utica's request to stay Your Honor's June 12, 2012 Order and Decision pending Judge Hurd's resolution of Utica's objections to that ruling. (Dkt. No. 65).  Now, R&Q opposes Utica's identical request here because, according to R&Q, it "is inconsistent with Second Circuit authority including a decision rendered in the earlier disqualification proceeding."  But, as shown above, Second Circuit authority, including the Second Circuit's rulings in the disqualification proceeding, support Utica's request to stay the Sealing Ruling pending appeal.

Accordingly, the Court should grant Utica's motion to temporarily stay the Sealing Rulings.

## IV.   CONCLUSION

For the reasons above, the Court should grant Utica's motion for leave to file a supplemental complaint and to temporarily stay the Court's sealing rulings.

19

Dated:  McLean, VA
            November 2, 2012

Respectfully Submitted,

  _/s/ Syed S. Ahmad_____
Walter J. Andrews
(N.D.N.Y. Bar No. 106051, admitted *pro hac vice*)
Syed S. Ahmad
(N.D.N.Y. Bar. No. 602911)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive
Suite 1700
McLean, VA 22102
(703) 714-7400
wandrews@hunton.com
sahmad@hunton.com
*Attorneys  for Plaintiff*
*Utica Mutual Insurance Company*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                 :
UTICA MUTUAL INSURANCE COMPANY,                  :
                                                 :
                    Plaintiff,                   :
                                                 :
            v.                                   :     No. 6:12-cv-00194 (DNH/TWD)
                                                 :
INA REINSURANCE COMPANY,                         :
N/K/A R&Q REINSURANCE COMPANY,                   :
                                                 :
                    Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## CERTIFICATE OF SERVICE

I certify that on November 2, 2012, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the attorneys listed below.

John F. Finnegan
Thomas J. Hall
Robert A. Schwinger
Michael A. Samalin
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
jfinnegan@chadbourne.com
thall@chadbourne.com
rschwinger@chadbourne.com
msamalin@chadbourne.com

*Attorneys for Defendant*
*R&Q Reinsurance Company*

                                              /s/ Syed S. Ahmad
                                              Syed S. Ahmad